J-S52022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEREK WASHINGTON | : | |
| | : | |
| Appellant | : | No. 2200 EDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0008218-2014,
CP-46-CR-0008223-2014.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEREK WASHINGTON | : | |
| | : | |
| Appellant | : | No. 2202 EDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0008218-2014,
CP-46-CR-0008223-2014.

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 28, 2020**

Derek Washington appeals *pro se* from the order that denied his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows: This matter arose from three separate incidents occurring in Norristown, Montgomery County, during which Washington took cash or property from another person. Following his arrest, and after the police provided *Miranda*[1] warnings, Washington made inculpatory statements to the police. The Commonwealth charged Washington with multiple offenses at two separate dockets.

On April 17, 2015, Washington filed motions to suppress the statements that he made as fruit of an illegal arrest, contending the identification procedure utilized by the police was unduly suggestive. The trial court denied relief following an evidentiary hearing. On August 8, 2015, the trial court held a stipulated bench trial. The Commonwealth offered the notes of testimony of the suppression hearing, the victims' statements to police, and other exhibits, which the court entered into the record without objection. After reviewing this evidence, the court found Washington guilty of one count of robbery as it related to each victim, and other related charges. Thereafter, the trial court sentenced Washington to an aggregate term of seven to fifteen years of imprisonment.

Washington filed a timely direct appeal to this Court. In an unpublished memorandum filed on August 7, 2017, we affirmed his judgment of sentence. Washington did not seek further review.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

On October 24, 2017, Washington filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on February 27, 2018. Thereafter, the Commonwealth filed an answer and motion to dismiss the petition. On May 22, 2018, the PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss Washington's petition without a hearing. Washington filed a response. By order entered June 25, 2018, the PCRA court dismissed Washington's petition. PCRA counsel filed a notice of appeal. On July 31, 2018, following a **Grazier**[2] hearing, the PCRA court granted Washington's request to proceed *pro se*. This timely appeal followed.[3] Both Washington and the PCRA court have complied with Pa.R.A.P. 1925.

Washington now raises the following issues on appeal:

1. The [PCRA] court erred by denying [Washington's] PCRA petition alleging trial counsel was ineffective for failing to argue and advocate a defense during the stipulated bench trial; advising [and] inducing [Washington] to waive his right to a jury trial in exchange for [a] stipulated bench trial.

2. The [PCRA] court erred by denying [Washington's] PCRA petition alleging trial counsel and [his] associate [was]

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] Although Washington included both trial court docket numbers on his separate appeals, this fact no longer requires quashal. **See Commonwealth v Johnson**, ___ A.3d ___, ___ (Pa. Super. 2020) (*en banc*), Slip Opinion at 12 (partially overruling **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), to the extent that **Creese** interpreted **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), as requiring Superior Court to quash appeals when appellant filed multiple notices of appeal and each notice lists all of the appealed from docket numbers). **See also Commonwealth v. Larkin**, ___ A.3d ___, ___ (Pa. Super. 2020), Slip Opinion at 3 (accord).

> ineffective for failing to object to hearsay testimony by police during [the] motion to suppress [hearing] and failing to object to the admission of hearsay during the stipulated bench trial.

Washington's Brief at 4.

Our scope and standard of review is well settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by the record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Washington's issues involve his claim of ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate

that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533.

The PCRA court concluded that Washington's first claim that trial "counsel was ineffective for inducing him to proceed to a stipulated bench trial and for not mounting a defense at said bench trial" was "belied by the record." PCRA Court Opinion, 11/19/18, at 7. The PCRA court opinion reproduced in detail the court's colloquies with Washington regarding the waiver of a jury trial and how a stipulated bench trial would take place, Washington's responses the he understood, and that no one forced or threatened him to proceed in this fashion. *See id.* at 7-10. The PCRA court then explained:

> All of the foregoing illustrates that [Washington] was fully aware of his absolute right to proceed to a jury trial and that he knowingly, voluntarily and intelligently waived the same. This Court extensively colloquied [Washington] on the waiver of his right to a jury trial, and explained the process for a stipulated bench trial and questioned [him] about his satisfaction with this attorney. [Washington] is bound by his answers under oath during that colloquy. [He] indicated that [trial counsel] represented him on all of his cases and that he was happy with his representation and had no further questions of [trial counsel]. [Washington] was aware that the stipulated trial was akin to a guilty plea and that the Commonwealth would meet its burden and that he would be convicted. Further, [Washington] was aware that the primary purpose of the stipulated bench trial in lieu of a guilty plea was to preserve his right to appeal this Court's pretrial suppression ruling, a reasonable, strategic choice by [trial counsel]. Upon withdrawal of trial counsel, appellate counsel challenged the court's suppression ruling on direct appeal. [Washington's] appellate rights were both preserved and exercised.

PCRA Court Opinion, 11/19/18, at 10-11 (citation to record omitted).

The PCRA court then concluded that Washington could not establish his ineffectiveness claim:

> [Washington] cannot show that he was prejudiced by proceeding to a stipulated bench trial at counsel's advice. [T]he evidence against [Washington] was overwhelming and included a confession. Therefore, [Washington] cannot prove that there is a reasonable probability of a different outcome if he had proceeded to a regular bench trial or a jury trial. As [Washington] cannot meet his burden to show that counsel was ineffective in advising him to proceed to a stipulated bench trial, the Court did not err in dismissing this claim without a hearing.

*Id.*, at 11. Our review of the record supports the PCRA court's conclusion.

In arguing to the contrary, Washington essentially asserts that trial counsel convinced him to pursue a stipulated bench trial because Washington could not afford to pay the sum counsel would charge to represent him in a jury trial. According to Washington, because he was unable "to continue to pay [trial counsel] the necessary fees, he was thrown to the wolves." Washington's Brief at 14 (footnote omitted). In addition, Washington claims that his case is "on all-fours" with our Supreme Court's decision in *Commonwealth v. Nieves*, 746 A.2d 1102 (Pa. 2000), wherein the High Court concluded that trial counsel gave the defendant advice that vitiated a knowing and intelligent decision to forgo his right to testify. Like in the *Nieves* decision, Washington asserts that that the advice that trial counsel gave him "was unreasonable and nullified the colloquy." Washington's Brief at 14. Finally, Washington contends that given the circumstances of his case

prejudice should be presumed pursuant to **_U.S. v. Cronic_**, 466 U.S. 684 (1984). Washington's Brief at 15.

Washington's claims are without merit. In Pennsylvania, the waiver of a jury trial is governed by Rule 620 of the Pennsylvania Rules of Criminal Procedure, which provides:

> **Rule 620. Waiver of a Jury Trial**
>
> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The writing shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

This Court has recently explained the purpose and function of the waiver colloquy as follows:

> The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. The essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy.

*Commonwealth v. Smith*, 181 A.3d 1168, 1175-76 (Pa. Super. 2018) (citation omitted).

Our review of the record clearly reveals counsel chose to pursue a stipulated bench trial in order to preserve his suppression issue, and there is no evidence to support Washington's claim that trial counsel was only motivated by Washington's inability to continue to pay him.[4] Moreover, contrary to the claims in his brief, Washington was fully colloquied regarding a jury trial, and, that same day, he signed a written waiver form that explained all the elements of a jury trial. *Smith*, *supra*.

Washington's reliance upon our Supreme Court's decision in *Nieves*, *supra*, is misplaced because it is easily distinguishable. In *Nieves*, the High Court found that counsel's advising the defendant not to testify because he could be impeached by his prior record was in error because the defendant's prior crimes were not admissible as *crimen falsi*. Here, trial counsel's advocating for a stipulated bench trial actually preserved Washington's challenge to the trial court's suppression ruling for appellate review.

Finally, Washington cites no case authority for his claim that prejudice should be presumed with regard to his jury waiver pursuant to *Chronic,* *supra*. Rather, Washington was required to prove prejudice, and we agree

---

[4] Washington claims he was unsuccessful in his attempt to supplement the record with letters from trial counsel that allegedly would support this claim. *See* Washington's Brief at 14 n.4.

with the PCRA court that he failed to do so. Thus, for all of these reasons, Washington's first ineffectiveness claim fails.

In his second issue, Washington asserts that trial counsel was ineffective for failing to object to hearsay testimony from the police officers introduced during the suppression motion and reintroduced as part of his stipulated bench trial. We cannot agree.

Among the twelve issues Washington raised in his direct appeal was his claim that the "trial court erred in allowing the suppression hearing to be based upon unrebutted and unsubstantiated hearsay, as the live testimony of the alleged victims was absent." *Washington*, *supra*, unpublished memorandum at 7. We found this issue waived, because trial counsel did not object to these statements during the suppression hearing. *See id.* at 21 (citing *Commonwealth v. Richard*, 150 A.3d 504, 511 (Pa. Super. 2016). However, we further stated:

> Assuming, *arguendo*, that this matter was properly before us, [Washington] would not be entitled to relief. We have long held that "certain out-of-court statements offered to explain the course of police conduct are admissible because they are offered not for the truth of matters asserted but rather to show the information upon which police acted." *Commonwealth v. Trinidad*, 96 A.3d 1031, 1037 (Pa. Super. 2014). Here, the officers who testified during the suppression hearing relied on the statements made by [the robbery victims], and the individual in the grocery store as part of the search for, and investigation of, a suspected criminal. Hence, such testimony was offered only to show the information upon which the police acted, and this claim fails.

*Washington*, *supra*, unpublished memorandum at 20-21.

Here, the PCRA court cited the above passage to conclude that Washington's second issue fails, because counsel cannot be found ineffective for failing to raise a meritless claim. PCRA Court Opinion, 11/19/18, at 11-12. We agree. Thus, Washington's second ineffectiveness claim does not entitle him to post-conviction relief.

Order affirmed.

Judge Ott did not participate in the consideration or decision of this case.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2020